IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SANDY HERRIN, Individually and as the Executrix of THE ESTATE OF RICHARD LEE McATEE, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 7:03-cv-0259-R |
| ROBERT TREON, GARY JOHNSON, PAUL TAYLOR, RICHARD WILLIAMS, JAMES BLANFORD, SUSAN LANCASTER, TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Tech University Health Sciences Center and Susan Lancaster's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on April, 27, 2006 (Dkt. No. 64). Plaintiff has not filed a response. For the reason stated below, the Court GRANTS Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff is the mother of Richard Lee McAtee, the deceased. McAtee was an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. She alleges that her son was denied proper medical care by Defendants. Ms. Herrin brought this action under the Civil Rights Act, 42 U.S.C. § 1983. Defendant Texas Tech University Health Sciences Center ("TTUHSC") and Nurse Lancaster, by and through the Attorney

General for the State of Texas, seeks dismissal of Plaintiff's claims for lack of subject matter jurisdiction.[1]

## II. ANALYSIS

TTUHSC is an agency of the State of Texas. *See* Tex. Educ. Code. Ann. § 110.08 (governing the funding of TTUHSC); *Miller v. Tex. Tech Univ. Health Sciences Ctr.,* 421 F.3d 342, 348 (5th Cir. 2005) (en banc). A state agency is a state instrumentality and, as such, enjoys Eleventh Amendment immunity. *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Eleventh Amendment immunity "extends beyond the state and encompasses state agencies, officials, and employees 'when the action is in essence one for the recovery of money from the state.'" *Karpovs v. Miss.*, 663 F.2d 640, 643 (5th Cir. 1981) (*citing Ford Motor Co. v. Dep't of Treasury*, 332 U.S. 459, 464 (1945)).

In the absence of consent, the Eleventh Amendment bars federal lawsuits by a United States citizen against a state or against a state agency or department. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986).

Sovereign immunity under the Eleventh Amendment is applicable unless the State has expressly waived such protection.[2] Plaintiff has not shown that the State of Texas has waived Eleventh Amendment immunity with regard to suits against TTUHSC, and § 1983 does not override the Eleventh Amendment. *Voisin's Oyster House*, 799 F.2d at 186. Furthermore, a

---

[1] See Rules 12(b)(1), Federal Rules of Civil Procedure.

[2] A court will find waiver of Eleventh Amendment immunity only where waiver is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 675 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

state agency is not considered a "person" acting under color of law for purposes of a civil rights action. *See, e.g., Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (noting that a "[s]tate is not a 'person' against whom a § 1983 claim for money damages might be asserted"); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (concluding that the "State is not a 'person' within the meaning of § 1983").

Defendant Susan Lancaster is an employee of TTUHS, a state agency. And the "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo,* 502 U.S. 21, 25 (1991). In order to overcome Eleventh Amendment immunity, Plaintiff must point to either (1) abrogation by Congress under the Enforcement Clause of the Fourteenth Amendment, or (2) consent to suit in federal court. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276-77 (5th Cir. 2005). Neither has occurred for any claims raised in the instant lawsuit.

Defendants are also entitled to Eleventh Amendment immunity from the Plaintiff's state law claims. Eleventh Amendment immunity also precludes supplemental state-law claims. *Pennhurst*, 465 U.S. at 121. This is true even if the State has waived sovereign immunity to such claims in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-852 (5th Cir. 1996) ("[a] state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts"). Thus, although the Texas Tort Claims Act waives sovereign immunity in Texas courts, it "clearly does not waive Eleventh Amendment immunity to suit in federal courts." *Id*. at 852. Accordingly, Defendant Texas Tech University Health Sciences Center and Defendant Susan Lancaster, to the extent she has been sued for damages in her official capacity, are entitled to Eleventh Amendment immunity from the Plaintiff's state law claims.

## CONCLUSION

IT IS THEREFORE ORDERED that Texas Tech University Health Sciences Center and Susan Lancaster's Motion to Dismiss is GRANTED and Plaintiff's claims against Texas Tech University Health Sciences Center and Susan Lancaster, in her official capacity, are hereby dismissed with prejudice.

The Clerk of Court shall terminate Texas Tech University Health Sciences Center and Nurse Lancaster, in her official capacity, as a party to this action.

It is so ORDERED.

ENTERED: October 19, 2006.

_____
JERRY BUCHMEYER,
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS